UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| BENNIE W. & GLENDA | ) | | |
| GAIL SMITH, | ) | Case No.: | 11-15136-JDW |
| | ) | | |
| Debtors. | ) | Chapter 7 | |

| | | | |
|---|---|---|---|
| ALEX B. GATES, Ch. 7 Trustee, | ) | | |
| | ) | | |
| Plaintiff. | ) | | |
| | ) | | |
| v. | ) | A.P. No.: | 12-01034-JDW |
| | ) | | |
| BENNIE SMITH, GLENDA | ) | | |
| GAIL SMITH, and SPENCER | ) | | |
| WAYNE SMITH, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This adversary proceeding is before the Court on the Motion for Summary Judgment as to Count II – Adjacent Lot 25 (the "Motion")(A.P. Doc. 92) filed by trustee Alex P. Gates (the "Plaintiff"), acting in his capacity as Chapter 7 Trustee in the main bankruptcy case of debtors Bennie and Glenda Gail Smith (the "Debtors"). Plaintiff brings this suit against Debtors and their son, Spencer Wayne Smith (collectively, the "Defendants") for fraudulent conveyance of real property in violation of § 548 of the Bankruptcy Code.[1] The Motion was filed, along with the Plaintiff's Memorandum in Support of Motion for Summary Judgment (A.P. Doc. 93), on April 2, 2013. No response was filed by the Defendants. This Court has jurisdiction pursuant to

---

[1] This Motion is a motion for partial summary judgment. "Adjacent Lot 25" is the subject of Count II of the Complaint (A.P. Doc. 1). Count I of the Complaint specifically addresses "Residence Lot 24." Summary judgment was not sought as to Count I and for purposes of this Memorandum Opinion, the Court will not address the issues in the Complaint pertaining to Count I.

1

28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order Of Reference Dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A),(H) and (O). The Court must determine whether the conveyance of real property from the Debtors to their son was a fraudulent conveyance in violation of 11 U.S.C. § 548.[2]

## I. FINDINGS OF FACT

Subsection (e) of Rule 56 of the Federal Rules of Civil Procedure[3] governing summary judgment provides:

> (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> . . . .
>
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it;
>
> . . . .

Fed. R. Civ. P. 56. In the present case before this Court, the nonmoving party – the Defendants – have failed to respond to the Plaintiff's Motion. The Court may therefore deem all facts as presented by the Plaintiff as undisputed. Nevertheless, the Court must still consider the reliability, propriety and relevancy of the evidence submitted by the Plaintiff. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Further, the Defendant's failure to respond to the

---

[2] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7052. To the extent it may be determined that this Court does not have the power to enter final judgment with regard to the issues addressed herein, this Memorandum Opinion may be considered proposed findings of fact and conclusions of law and/or a report and recommendation.

[3] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification of Rule 56 of the Federal Rules of Civil Procedure.

2

Motion does not shift the initial burden from the non-movant Defendants to prove that there is no genuine issue of material fact.

> [T]he party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact,"... If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response.

*Little*, 37 F.3d at 1075 (emphasis original); *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Plaintiff has submitted sufficient evidence in this adversary proceeding to support the following factual findings.

Defendants filed their bankruptcy petition on November 3, 2011. Plaintiff filed the Complaint to Avoid Transfers and Further Relief (the "Complaint)(A.P. Doc. 1) against the Defendants on March 20, 2013. The public land records of Desoto County, Mississippi show that Defendant Glenda Gail Smith executed a quitclaim deed (the "Deed") on May 20, 2011 granting to her son, Defendant Spencer Wayne Smith, all of her right, title, and interest in the real property known as "Adjacent Lot 25," legally described as:

> Lot 25, Section C, Ole Meadow Subdivision, situated in Section 7, Township 2 South, Range 7 West, DeSoto County, Mississippi, as per plat thereof recorded in Plat Book 88, Page 27, in the Office of the Chancery Clerk of DeSoto County, Mississippi.

(A.P. Doc. 1, ¶ 9)(A.P. Doc. 21, ¶ 9). Prior to the conveyance from the Defendant to her son, the land was unencumbered. *Id.*

Although Defendants' bankruptcy schedules disclosed consideration for the conveyance in the amount of $20,000.00, Defendant Bernie Smith testified under oath in his deposition taken on June 26, 2012, as follows:

> Q. We filed a complaint to avoid transfers, and one the other transfers we had on there was what I called, just to keep things straight, was the adjacent Lot 25. This is the lot that lies next door to your residence.
> A. Yes.

3

Q. And this is the one that you had conveyed to Spencer Wayne Smith and you'd – if I recall right, you testified at the 341 meeting that this is your other son; is that correct?
A. Yes.
Q. And you also testified that no money had changed hands on this.
A. Correct.
Q. How much does he owe you on this property?
A. Nothing.
Q. All right. So was this a gift?
A. Yes.

...

Q. If I recall right, you testified at the hearing that you did this to try and save this lot.
A. Yes.
Q. So were you trying to avoid the powers of the Chapter 7 trustee in doing this?
A. No.
Q. Well, what were you doing?
A. This Lot 25 is adjacent to Lot 24. My house sits on Lot 24. Lot 25 contains my equipment shed.

\* \* \*

So it's – I would say it's not usable to someone else, but it would be very expensive for someone else to use that lot.
Q. All right. Is that your response? I'm sorry, are you through?
A. (Whereupon witness nods head in affirmative response.)
Q. So essentially you deed this to Spencer Wayne Smith more or less to protect this lot from the bankruptcy. Is that what I'm hearing?
A. Yes, sir.
Q. Okay. No consideration paid by him at all, right?
A. None.

\* \* \*

A.P. Doc. 93, Ex. B.[4]

## II. CONCLUSIONS OF LAW

### A. Standard

---

[4] Plaintiff also contends that Mr. Smith testified as to these same facts at the § 341 meeting of creditors, but no transcript was submitted as an exhibit.

4

Rule 56 of the Federal Rules of Civil Procedure governs the process by which a court will grant or deny a motion for summary judgment. Summary judgment is only appropriate:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552; *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). In consideration of a motion for summary judgment, the Court must consider all the evidentiary matters with which it is presented, including, *inter alia*, admissions in pleadings, answers to interrogatories, depositions and affidavits. *Kennett-Murry Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). The burden of proof falls on the moving party, and "all reasonable doubts as to the existence of a genuine issue of material fact 'must be resolved against the moving party.'" *Id; quoting Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980). Evidence is to be viewed in the light most favorable to the non-moving party. However, if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, the moving party should be granted the relief sought.

### B. Fraudulent Transfers

Section 548 of the Bankruptcy Code[5] provides:

**Fraudulent Transfers and Obligations:**
(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

---

[5] All references to the "Bankruptcy Code" refer to Title 11 of the United States Code.

5

>   **(B)** (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
>   > (ii) **(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>   > **(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>   > **(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>   > **(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

*Id.* As the Third Circuit reasoned in *In re PWS Holding Corp.*, 303 F.3d 308, 313 (3rd. Cir. 2002), "[f]raudulent conveyance law aims 'to make available to creditors those assets of the debtor that are rightfully a part of the bankruptcy estate, even if they have been transferred away.'" (citing *Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3rd. 2000)). The Plaintiff could have brought claims under subsections (a)(1)(A) and/or (a)(1)(B) of section 548 of the Bankruptcy Code, and appears to be traveling under both subsections.[6]

### I.  11 U.S.C. § 548(a)(1)(A)

The elements necessary to satisfy a claim under (a)(1)(A) are (1) a transfer of debtor's property was made, (2) the transfer occurred within two years of the petition date, and (3) the transfer was made with actual intent to hinder, delay, or defraud debtor's creditors. *In re Cipolla*, 476 Fed.Appx. 301, 306 (5th Cir. 2012); *In re Advanced Modular Power Systems, Inc.*, 413 B.R. 643, 673 (Bankr. S.D. Tex. 2009).

First, as to what constitutes a transfer under the § 548(a)(1), the Bankruptcy Code provides a broad and far reaching definition. Under 11 U.S.C. § 101(54),

---

[6] The Plaintiff could also have elected to bring fraudulent transfer claims under Mississippi state law adopting the Uniform Fraudulent Transfer Act. Miss. Code Ann. §§ 15-3-101 to 15-3-121.

6

"transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including the retention of title as a security interest and foreclosure of the debtor's equity of redemption.

*See also Matter of Besing*, 981 F.2d 1488, 1492 (5th Cir. 1993). The Debtor must also have held an interest in the property to bring the alleged transfer within the purview of § 548. "An interest in property, for purposes of § 548, includes any interest of the debtor that would have been preserved for the benefit of the bankruptcy estate but for the alleged transfer." *Besing*, 981 F.2d at 1493; *see also In re Stevens*, 112 B.R. 175, 177 (Bankr.S.D.Tex.1989); *In re Hargis*, 887 F.2d 77, 79 (5th Cir.1989). In the matter before this Court, Debtor/Defendant Glenda Smith executed the Deed to her son, Defendant Spencer Smith. As the Plaintiff posits, and the Deed confirms, the document conveyed all right, title and interest in Adjacent Lot 25 from Defendant to her son. The execution of the Deed from Mrs. Smith to her son satisfies the necessary element of "transfer," and as evidenced by her unencumbered ownership of the land prior to the transfer, she unequivocally held an "interest in the property." But for the transfer of ownership to her son, the Mrs. Smith's interest in the property would have been preserved for the benefit of the bankruptcy estate.

Second, § 548(a)(1) creates a statute of limitations for fraudulent transfers of 2 years prior to the date of the filing of the petition. The Quitclaim Deed conveying the land was executed on May 20, 2011. (A.P. Doc. 93, Ex. "A"). The Debtor-Defendants filed for bankruptcy on November 3, 2011. The transfer was clearly within the statute of limitations for purposes of 11 U.S.C. § 548(a)(1).

Lastly, application of 11 U.S.C. § 548(a)(1)(A) requires actual intent to "hinder, delay or defraud" creditors. Actual intent must be proven by clear and convincing evidence pursuant to 11 U.S.C. § 548(a)(1). *In re Major Funding Corp.*, 126 B.R. 504, 508 (Bankr. S.D. Tex. 1990);

*Stratton v. Equitable Bank, N.A.*, 104 B.R. 713 (Bankr.D.Md.1989). With most cases in which avoidance under § 548 is sought, there is a certain degree of difficulty in proving actual intent to defraud. Thus, it has been held that intent "may be implied from circumstances surrounding the transaction..." *In re Major Funding*, 126 B.R. at 508; *In re Anchorage Marina, Inc.*, 93 B.R. 686 (Bankr. D.N.D. 1988). If a debtor undertakes a transaction that diminishes assets or property available to creditors, with no corresponding benefit to the estate, the actual intent requirement may be met. *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 639-640 (2d Cir. 1995). Also, although the Trustee is required to prove intent to hinder, delay or defraud creditors, proof of a specific target's identity is not required. *See In re Blatstein*, 192 F.3d 88, 97 (3d Cir. 1999); *In re Adeeb*, 787 F.2d 1339, 1343 (9th Cir. 1986).

This Court is reprieved from drawing any such conclusions as whether or not intent may be implied from the circumstances surrounding the transaction in question. There may be no clearer evidence of actual intent than the admission under oath by Mr. Smith that the conveyance was made to keep the land out of the bankruptcy estate. As already stated, the Defendants have failed to provide any response to the Motion and the allegations and facts contained therein. Thus, it may be properly concluded that the Defendants do not dispute the arguments or evidence presented by the Plaintiff. They have offered to the Court no alternative explanation or interpretation for the statements, nor have they disputed the admission of trying to shield Adjacent Lot 25 from these bankruptcy proceedings or the reach of creditors. The Defendants' words and actions are thus sufficient evidence of a transfer of an interest made with the actual intent to hinder, delay, or defraud creditors. The Plaintiff has carried its burden of showing that the Defendants' actions satisfy all elements necessary to avoid the transfer of Adjacent Lot 25 under § 548(a)(1)(A).

## II.     11 U.S.C. § 548(a)(1)(B)

It is somewhat unclear whether Plaintiff is seeking avoidance of the transfer under § 548(a)(1)(A) and (B). While the Plaintiff satisfies the requirements of § 548(a)(1)(A), some language taken from the Motion suggests that the Plaintiff is also seeking avoidance of the transfer under § 548(a)(1)(B). In order to provide a complete record for any appellate court, this Court will proceed to consider § 548(a)(1)(B).

The elements necessary to satisfy a claim under (a)(1)(B) are (1) a transfer was made of the Debtor's property, (2) the transfer occurred within two years of the petition date, (3) the Debtor received less than equivalent value for the property, and either (4)(i) the Debtor was insolvent at the time of the transfer, (ii) debtor was engaged, or about to be engaged, in a business transaction for which the property was unreasonably small capital, (iii) debtor incurred or intended debts that would be beyond the debtor's ability to pay as the debt matured, or (iv) the debtor made such transfer for the benefit of an insider under an employment contract and not in the ordinary course of business. *In re TransTexas Gas Corp.*, 587 F.3d 298, 303-6 (5th Cir. 2010).

As for the first two requirements of (a)(1)(B) – a transfer of property in which the debtor has an interest, and the transfer having occurred within two years of the filing of the petition – both are undoubtedly satisfied, as set forth above in the analysis of the identical elements under (a)(1)(A).

Subsection (B)(i) requires that the Debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation." 11 U.S.C. § 548(a)(1)(B)(i). The element is easily established with the evidence before the Court. The Quitclaim Deed also states that the exchange was made "for in consideration of the sum of Ten Dollars ($10.00)". (A.P. Doc. 92;

9

Ex "A"). Although there is debate among the parties as to the correct fair market value of the property in question, neither party contends that the value is anywhere close to as low a value as ten dollars. (A.P. Doc. 21, ¶ 11). In the deposition taken on June 26, 2012, Mr. Smith testified that no money had been paid for the property, and that the Defendants neither expected nor demanded any further payment for the property. (A.P. Doc. 93, Ex. "B", Pg. 20). The element of the transfer being made for "less than a reasonably equivalent value" is thus satisfied.

Subsection (B)(ii) is phrased in the disjunctive so only one of the subsections need be satisfied. Subsection (B)(ii)(I) requires that the debtor "was insolvent on the date that such transfer was made or such obligation as incurred, or became insolvent as a result of such transfer or obligation." 11 U.S.C. § 548(a)(1)(B)(ii)(I). There are no allegations or evidence of insolvency at the time the transfer was made. Furthermore, there is no statutory presumption of insolvency contained within § 548 as there is with § 547(f).

Similarly, there are no allegations or evidence to satisfy (B)(ii)(II), (III) or (IV). Subsection (II) requires that the debtor "was engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital"; subsection (III) that the debtor "intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured"; and finally subsection (IV) that the debtor "made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business." 11 U.S.C. § 548(a)(1)(B)(ii)(I)-(IV). There is no evidence or suggestion that subsections (II) or (III) might be satisfied, and although the Defendants' son is an "insider" as contemplated by subsection (IV) and defined in § 101(31) of the Bankruptcy Code, there is no evidence that any sort of employment contract existed. Thus,

Plaintiff has failed to prove that there is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law under § 548(a)(1)(B).

### C. Defendants' Answer to the Complaint

Although the Defendants offered no response to the Motion which the Court might consider in deciding this matter, it bears noting that the Defendants did file an Answer to the Complaint (the "Answer") which addressed some of the fraudulent transfer issues raised regarding Count II and the Adjacent Lot 25. (A.P. Doc. 21). In the Answer, the Defendants stated:

> The property transfer was in implementation of an estate plan that called for a transfer of $20,000.00 to each of the two sons of Bennie W. Smith and Glenda Gail Smith. One son have [sic] previously received such benefit. The transfer of lot 25 to Spencer Wayne Smith was to discharge an obligation to him. The current fair market value of Lot 25 is not $48,584.00. It is not more, but may be less, than $20,000.00. It is subject to restrictive covenants and an existing structure will have to be removed by any buyer.

*Id.* Whether or not the Defendants had promised their sons money or property as part of some sort of financial or estate planning is of no consequence to the § 548 analysis or to the outcome of this matter as a whole. While it may be unfortunate if one of the Defendants' sons received his promised share, and the other will not, it has no legal bearing on whether or not the transfer in question may be characterized as fraudulent for purposes of § 548 of the Bankruptcy Code.

### III. CONCLUSION

Summary Judgment is appropriate when, after examination of all evidentiary matters presented, the Court concludes that no genuine issue of material fact exists and the movant is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. at 322. Evidence is to be viewed in a light most favorable to the non-moving party. The non-moving party is also to be

11

given the benefit of the doubt as to the existence of a material fact. However, if the non-moving party fails to respond to a motion for summary judgment, the court may properly "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). In the present matter before the Court, the non-moving Defendants have failed to provide any response to the Motion.

This Court concludes, in light of the undisputed evidence put forth by the Plaintiff, that the transfer of Adjacent Lot 25 from Defendant Glenda Smith to her son, Defendant Spencer Smith, is properly characterized as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A). The transfer was made within two years of the filing of the bankruptcy petition and, as confirmed by the testimony of Defendant Bennie Smith, was made with the intention of keeping the property out of the bankruptcy estate and thus removed from the reach of the Debtor's creditors. As the transfer was completed within the applicable statute of limitations, and was undertaken with the actual intent to hinder, delay or defraud creditors, the transfer in question is due to be avoided pursuant to 11 U.S.C. § 548(a)(1)(A).

Based on these findings and conclusions, summary judgment for Plaintiff is appropriate in this case. A separate Order and Judgment will be entered. As to Count I of the Complaint and the remainder of this adversary proceeding, a pre-trial conference will be set by the Court.

Jason D. Woodard
United States Bankruptcy Judge